**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO:**

JOHN G. WYATT,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.
_________________________________/

**NOTICE OF REMOVAL**

Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1331, 1367, 1441 and 1446, hereby removes this action to the United States District Court for the Southern District of Florida, and states:

1. Wells Fargo has been named as a defendant in a civil action that was commenced in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, which civil action has been assigned Case Number: 562026CA002276AXXXHC and which is styled: *John G. Wyatt v. Wells Fargo Bank, N.A.* (the "State Court Action").

2. Wells Fargo first received notice of the State Court Action when counsel for Plaintiff John G. Wyatt ("Plaintiff") sent a filed copy of the Complaint and a request for waiver of service of process to the undersigned via email on October 6, 2026. Accordingly, Wells Fargo has timely filed this Notice of Removal within thirty days after receipt of the initial pleading or summons. *See* 28 U.S.C. § 1446.

3. A copy of the Complaint is attached as **Exhibit 1**. A copy of the State Court Docket Sheet is attached as **Exhibit 2**. True and correct copies of the following documents are attached as Exhibits 3 through 7:

Civil Cover Sheet – **Exhibit 3**

Summons to be issued by Clerk – **Exhibit 4**

Summons issued to Wells Fargo – **Exhibit 5**

Notice of Appearance and Designation of Email Addresses on behalf of Wells Fargo – **Exhibit 6**

Waiver of Service of Process – **Exhibit 7**

These documents are all process, pleadings, and orders served upon Wells Fargo and all papers docketed in the State Court Action to date.

4. Plaintiff asserts two counts for negligence and violation of the Electronic Fund Transfer Act (15 U.S.C. §§ 1693 *et seq.*) ("EFTA") against Wells Fargo regarding several transactions on his account.

5. The above-styled action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), and removal is proper pursuant to 28 U.S.C. § 1441, in that it is: (i) a civil action wherein the matter in controversy exceeds $75,000, exclusive of interest and costs; and (ii) between citizens of different states.

6. First, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* Compl., ¶ 39. According to the Complaint, the transactions at issue total $186,000. *See id.*

7. Second, the above-styled action involves a controversy which is wholly between citizens of different states.

8. Plaintiff is now and was at the time he filed the State Court Action a citizen of and domiciled in Florida.

9. The available public records of the State of Florida show that Plaintiff owns real property in St. Lucie County, Florida and is registered to vote in St. Lucie County, Florida. Plaintiff has a Florida driver's license. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). Plaintiff also alleges that he resides in Florida. Compl., at ¶ 2.

10. Defendant Wells Fargo is a national banking association, and, as set forth in its articles of association, its main office is located in Sioux Falls, South Dakota. Accordingly, Wells Fargo is now and was at the time the State Court Action was commenced a citizen of South Dakota for purposes of diversity jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located."); 28 U.S.C. §§ 1332(a), 1348.

11. Finally, Wells Fargo was not at the time of the commencement of this action and is not now a citizen of the State of Florida, where this action was brought.

12. The above-styled action is also one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and supplemental jurisdiction under the provisions of 28 U.S.C. § 1367, and removal is proper pursuant to 28 U.S.C. § 1441, in that it is a civil action arising under the laws of the United States.

13. Specifically, Plaintiff attempts to assert a claim for violation of the EFTA (15 U.S.C. §§ 1693 *et seq.*) against Wells Fargo. *See* Compl., Count II.

14. This Court has supplemental jurisdiction over Plaintiff's negligence claim against Wells Fargo, as it is based on the same facts and banking transactions. *See* Compl., Count I.

15. There are no other defendants from whom consent to removal of this action need be obtained.

16. By reason of the foregoing, Wells Fargo is entitled to have this civil action removed from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division, such being the district and division where the State Court Action is currently pending.

17. After filing this Notice of Removal, Wells Fargo will promptly give written notice of this Notice of Removal to Plaintiff and file the same with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida in accordance with 28 U.S.C. § 1446(d).

18. By filing this Notice, Wells Fargo does not waive any defense that may be available to it but expressly reserves all such defenses.

19. By filing this Notice, Wells Fargo does not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendant Wells Fargo Bank, N.A. removes the above-described action from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, Case Number: 562026CA002276AXXXHC, to the United States District Court for the Southern District of Florida.

Dated: November 5, 2026. Respectfully submitted,

By: */s/ Megan A. McNamara*

Megan A. McNamara
Florida Bar No. 112636
mmcnamara@foxrothschild.com

**FOX ROTHSCHILD LLP**
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401
Telephone: (561) 835-9600
Facsimile: (561) 835-9602

*Attorney for Defendant, Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served a copy by email to Michael J. Cristoforo, Esq. and Courtney Wright, Esq., Crary Buchanan, 759 S.W. Federal Highway, Suite 106, Stuart, FL 34994, mcristoforo@crarybuchanan.com, cwright@crarybuchanan.com, Teresa@crarybuchanan.com, counsel for Plaintiff.

By: */s/ Megan A. McNamara*
Megan A. McNamara